UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

STACEY DWAYNE BULLOCK,

        Plaintiff,

vs.

STATE OF CALIFORNIA,

        Defendant.
                                  /

No. C 14-2159 PJH (PR)

**ORDER OF DISMISSAL**

    Plaintiff, a state prisoner incarcerated at San Quentin State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The amended complaint was dismissed with leave to amend and plaintiff has filed a second amended complaint.

**DISCUSSION**

**A.    Standard of Review**

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff states that he received inadequate medical care at San Quentin State Prison.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.*  The existence of an injury that a reasonable doctor or patient would find important and worthy of

comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *Id.* at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

The original and amended complaints were dismissed with leave to amend to provide additional information, yet the second amended complaint is only a few pages and fails to cure the deficiencies discussed by the court. Plaintiff was running when he injured his right hamstring. He went to the infirmary and Nurse Neal provided him with an ice pack and allowed to him sit for an hour. Plaintiff states that Nurse Neal did no examination and did not contact a doctor. A week later plaintiff complained of ongoing pain with his hamstring and was seen by a doctor. A month later plaintiff was seen by another doctor who noted that the swelling and ecchymosis had gone away, though plaintiff reported that the pain continued. Plaintiff states that the treatment violated the Eighth Amendment.

In addition to plaintiff only presenting the most basic allegations of a constitutional violation, his own exhibit shows that he received adequate care. A doctor's examination noted that at the time of the injury there were no abnormalities and it only became swollen and developed bruising later, yet these symptoms had completely gone away by the time the doctor examined plaintiff. The doctor noted that there were no deformities, discoloration, plaintiff had full range of motion and there was no evidence of muscle

retraction or atrophy.  The Doctor noted that while plaintiff stated the hamstring was still tender, plaintiff has been taking Tylenol and was provided a bandage.  The doctor concluded that while it was possible that plaintiff had a high-grade tear, there was no evidence and the injury had gotten substantially better.

Plaintiff has failed to demonstrate that any defendant was deliberately indifferent to his serious medical needs and simply stating that he should have received an X-Ray and MRI is insufficient to state an Eighth Amendment claim.  While Nurse Neal only gave plaintiff ice when the injury first occurred, the exhibits note that there was no swelling or bruising at that time.  It would be difficult to show negligence let alone deliberate indifference because he was treated and his injury greatly improved within the first month.  As plaintiff has already been provided several opportunities to amend and as he has not cured the deficiencies noted by the court, this case is dismissed with prejudice as it fails to state a claim.

## CONCLUSION

1. This action is **DISMISSED** with prejudice for failure to state a claim.

2. Plaintiff's motion for judicial notice (Docket No. 8) is **DENIED**, but the court has reviewed the exhibit as part of the second amended complaint.

3. The Clerk shall close this case.

**IT IS SO ORDERED.**

Dated: September 16, 2014.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.14\Bullock2159.dis.wpd